UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ALBERTO PAREDES, on behalf of himself and all others similarly situated,**<br><br>**PLAINTIFF**<br><br>V.<br><br>**NEW COUNTRY MOTOR CARS OF GREENWICH, INC., JAL CHEMICAL CO., INC. and MARK RICHARD PLOTTS,**<br><br>**DEFENDANTS.** | : : : : : : : : : : : : : : : : : | **CIVIL ACTION NO:**<br><br><br><br><br><br><br><br>**MARCH 15, 2017** |

## COMPLAINT

**I. INTRODUCTION**

1. This is an action for compensatory damages, liquidated damages, penalty damages and attorney's fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen Stat. Section 31-58 *et seq.* ("CMWA").

**II. JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28.U.S.C. Section 1331.

3. This Court has jurisdiction over Plaintiffs' CMWA claims pursuant to 28 U.S.C. Section 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is proper in this district under 28 U.S.C. Section 1391 because the acts or omission giving rise to the claims in this Complaint took place in this district.

**III.     PARTIES**

5.  Plaintiff, Alberto Paredes ("Paredes"), is an individual residing in New Rochelle, New York. At all times relevant to this Complaint, Paredes was an employee of Defendants, as that term is defined in the FLSA and CMWA.

6.  Upon information and belief, Defendant New Country Motor Cars of Greenwich, Inc. ("New Country") is a Connecticut corporation which, at all times relevant to this Complaint, owned and operated a business known as "New Country Audi of Greenwich" located at 181 Putnam Avenue, Greenwich, Connecticut 06830. At all times relevant to this Complaint, New Country was the employer of Paredes, as that term is defined in the FLSA and CMWA.

7.  At all times relevant to this Complaint, New Country has maintained control, oversight and direction over employees including, but not limited to, Paredes.

8.  Defendant JAL Chemical Co., Inc. ("JAL Chemical") is a Florida corporation which, at all times relevant to this Complaint, conducted business in Connecticut at the New Country Audi dealership owned by Defendant New Country by helping to manage the employees of Defendants who washed and cleaned cars at the dealership. At all times relevant to this Complaint, JAL Chemical was the employer of Paredes, as that term is defined in the FLSA and CMWA.

9.  Defendant Mark Richard Plotts ("Plotts") is the owner and/or principal of Defendant JAL Chemical.

10. At all times relevant to this Complaint, Plotts was the individual within JAL Chemical with the authority to set the hours and employment and to pay the wages of Paredes and his exercise of that authority was the direct cause of Defendants' failure to pay wages as set forth below. Accordingly, Plotts was the employer of Paredes as that term is defined

in the FLSA and CMWA.

11. Although Plaintiff Paredes was nominally employed by Defendant JAL Chemical, in so far as the paystubs Paredes received indicate that wages were paid by JAL Chemical, at all times relevant to this Complaint, Defendant New Country was Paredes' joint employer, along with Defendants JAL Chemical and Plotts.

12. At all times relevant to this Complaint, Paredes worked exclusively on the physical premises of the Audi dealership operated by Defendant New Country.

13. At all times relevant to this Complaint, agents and employees of New Country supervised and controlled the conduct of Paredes when he was working at the dealership.

14. Upon information and belief agents and employees of New Country coordinated with Defendant Plotts to determine the hours worked by Paredes and the all other similarly situated non-exempt employees, though Defendant Plotts or another representative of Defendant JAL would communicate hourly requirements directly to Paredes and all other similarly situated employees.

V.  **COLLECTIVE ACTION ALLEGATIONS**

15. The claims in this Complaint arising out of the FLSA are brought by Plaintiff Paredes on behalf of himself and all other similarly situated non-exempt employees (i.e., employees who performed car cleaning, washing, detailing and polishing work) at New Country Audi of Greenwich during the statutory period and elect to opt-in to this action (the "FLSA Collective").

16. The FLSA Collective consists all such similarly situated employees of the Defendants who over the last three years have been victims of Defendants' common policy and practices that have violated the employees' rights under the FLSA by, *inter alia*, willfully denying them overtime wages due under the FLSA.

17. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. Defendants apply the same employment policies, practices, and procedures to all members of the FLSA Collective. This policy and pattern or practice includes, *inter alia,* failing to pay Plaintiff and the FLSA Collective, overtime wages for all hours worked in excess of forty per week.

18. Defendants have engaged in this unlawful conduct pursuant to a policy, plan or practice of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

19. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to plaintiff and the FLSA Collective.

20. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable by the Defendants, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b).

## IV. FACTS

**Hours Worked, and Pay Received, by Paredes**

21. Paredes started working at New Country Audi of Greenwich in approximately June of 2011. After working for some time, he left for several months due to an accident and then returned in approximately August 2012, working for the Defendants at the dealership until approximately April 2016.

22. Defendants employed Paredes at New Country Audi of Greenwich as a car washer at what was known as the car washing/cleaning station. Other members of the FLSA

collective worked at different location on the dealership premises known as the "Department of Detail" (discussed below).

23. Paredes' work schedule was six days a week, Monday through Saturday. He worked a minimum of 8 hours per day, and would typically work more than 8 hours per day approximately 3 times per week, leaving work on those longer days between 5 and 6 p.m. As a result, he worked approximately 54 hours per week.

24. Paredes was paid on an hourly basis.

25. At all times relevant to this Complaint, Paredes was paid his regularly hour rate for all hours worked over 40 in a work week.

26. At all relevant times, Paredes was a non-exempt employee under the FLSA and the CMWA.

**Hours Worked, and Pay Received, by the FLSA Collective**

27. The FLSA Collective comprises employees of the defendants who performed car washing, cleaning, detailing and polishing duties. These employees worked at two distinct location on the dealership premises, the car washing/cleaning station where Paredes worked and another location on the dealership premises known as the "Department of Detail."

28. There as at least 1 other employee at the car washing/cleaning station who regularly worked more than 40 hours per week. This employee generally worked 6 days a week, at least 8 hours per day, for at least 48 hours per week, on average.

29. Upon information and belief, this employee was paid on an hourly basis and received his regular hourly rate for all hours worked over 40 in a work week.

30. The other members of the FLSA collective worked at the so-called "Department of Detail," which involved interior cleaning, detailing and polishing work, and was staffed

5

by approximately 8 employees total.

31. Upon information and belief, employees at the Department of Detail had varying schedules but would work at least 6 days per workweek, for a total of between 45 and 50 hours per week.

32. At all times relevant to this Complaint, workers staffing the Department of Detail were usually paid in a piece-rate manner, based on the number of cars they washed per day, but sometimes received hourly pay.

33. Upon information and belief, the Department of Detail staff, whether paid on a piece rate basis or hourly basis, were paid at the same rate for all hours worked over 40 in a work week.

34. At all times relevant to this Complaint, the Department of Detail staff were non-exempt employees under the FLSA and the CMWA.

35. Defendants knew that Paredes and all other similarly situated employees comprising the FLSA Collective were working more than 40 hours per week, but despite this fact did not pay them at the rate of one-and-one-half times their regular hourly rate for all hours over 40 in a workweek.

## VI. COUNT ONE- VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PAREDES AND ALL OTHER SIMILARLY SITUATED EMPLOYEES

36. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Paredes and the FLSA Collective were entitled to be paid one-and one-half times their regular rate of pay for all hours worked in excess of 40 per work week, but failed to do so.

37. Accordingly, Parades and the FLSA Collective are entitled to compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of forty per week,

liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. Section 216(b).

VII. **COUNT TWO – VIOLATION OF THE OVERTIME PROVISIONS OF THE CONNECTICUT MINIMUM WAGE ACT ON BEHALF OF PAREDES INDIVIDUALLY**

38. Based upon the foregoing, Defendants conduct in failing to pay Parades one-and-a-half times his hourly rate of pay for all hours over 40 per week violates the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58, *et seq.*

39. Accordingly, Parades is entitled to compensation at twice the full amount of his overtime wages, less any amounts actually paid to him by Defendants, penalty damages, interest, attorneys' fees and court costs, pursuant to the Connecticut Minimum Wage Act, Conn. Gen Sta. Section 31-58, *et seq.*

**VIII. DEMAND FOR RELIEF**

WHEREFORE, plaintiff, individually and on behalf of the FLSA Collective, respectfully requests that this Court enter a judgment:

a. Authorizing the issuance of notice at the earliest possible time to all non-exempt employees who are presently working at, or who worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, for Defendants at New Country Audi of Greenwich, in the capacity of washing, detailing or polishing cars. Such notice shall inform that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b. Declaring Defendants' violation of the FLSA and CMWA were willful;

c. Awarding plaintiff and FLSA Collective unpaid overtime wages under the FLSA;

d. Awarding plaintiff and FLSA Collective liquidated damages under the FLSA;

e. Awarding plaintiff unpaid overtime wages under the CMWA;

f. Awarding plaintiff penalty damages under CMWA;

g. Awarding interest and costs;

h. Awarding attorneys' fees under the FLSA and CMWA; and

i. Such other and further relief as the Court deems just and equitable.

**THE HAYBER LAW FIRM**
*Attorneys for Plaintiff and the FLSA Collective*

By: */s/ Anthony J. Pantuso, III*
Anthony J. Pantuso, III
Federal Bar No. ct11638
The Hayber Law Firm, LLC
900 Chapel Street, Suite 620
New Haven, CT 06510
(203) 691-6491 (tel)
(860) 218-9555 (fax)
apantuso@hayberlawfirm.com

By: /s/ Adam Braverman
Adam Braverman (AB6810)  *
450 Seventh Ave. Suite 1308
New York, New York 10123
(212) 206-8166 (tel)
(646) 452-3828 (fax)
adam@bravermanlawfirm.com

**Application for Pro Hac Vice Admission Forthcoming*